(106 So. 889)

### NEWTON v. STATE. (5 Div. 545.)

(Court of Appeals of Alabama. Jan. 12, 1926.)

Intoxicating liquors ⬅️238(1)—Evidence held for jury in prosecution for possessing still and manufacturing liquor.

Testimony by state's witness as to every element of offenses of unlawful possession of a still and of manufacturing alcoholic liquors, though denied in toto by defendant, *held* sufficient to go to jury.

Appeal from Circuit Court, Chambers County; N. D. Denson, Judge.

Jake Newton was convicted of violating the Prohibition Law, and he appeals. Affirmed.

Moon & Carter, of La Fayette, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The verdict was supported by the evidence. The affirmative charge was properly refused, as also was the motion for new trial. White v. State, 18 Ala. App. 275, 91 So. 888; Layman v. State, 18 Ala. App. 441, 93 So. 66; Walker v. State, 19 Ala. App. 20, 95 So. 205; Gilbert v. State, 19 Ala. App. 104, 95 So. 502.

BRICKEN, P. J. Under an indictment containing two counts, this defendant was convicted; the jury returned a general verdict of "guilty as charged in the indictment." The offenses charged were the unlawful possession of a still, etc., and the distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages a part of which was alcohol. He was duly sentenced to serve an indeterminate term of imprisonment in the penitentiary and appealed from the judgment of conviction.

No exception was reserved to any ruling of the court pending the trial. The affirmative charge was requested and refused. This, together with the action of the court in overruling the motion for a new trial, are the only questions presented for our consideration.

Under the evidence the defendant was not entitled to the general affirmative charge. The state by its witness Childress offered direct evidence tending to establish every element of each of the offenses charged in the indictment. The defendant proved a good character by several witnesses and denied in toto every statement made by the witness Childress. This conflict in the evidence constituted a question for the determination of the jury, and the court was without authority to direct a verdict.

Nothing was offered upon the motion for a new trial which would have justified the court in granting the motion. It was properly overruled. No error appears on the record; therefore the judgment of conviction in the lower court is affirmed.

Affirmed.